UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JEREMIE M. BROOKS,
ADC #660149                                                                PLAINTIFF

V.                           3:17CV00085 JLH/JTR

STEVE ROREX, Jail Administrator,
Poinsett County Detention Center, et al.                                   DEFENDANTS

# **ORDER**

Plaintiff, Jeremie M. Brooks ("Brooks"), is a pretrial detainee at the Poinsett County Detention Center ("PCDC"). He has filed a *pro se* § 1983 Complaint alleging that Defendants violated his constitutional rights. *Doc. 2.* Before Brooks may proceed with this action, the Court must screen his claims.[1]

Brooks alleges that Defendants Jail Administrator Rorex ("Rorex"), Captain Hitts ("Hitts"), Assistant Jail Administrator Muse ("Muse"), and former Sheriff Mills

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

("Mills") subjected him, and other PCDC detainees, to unconstitutional conditions of confinement by failing to: (1) remove live wires; (2) clear clogged drains and air vents; (3) change rusted pad locks; (4) install T.B. lights; (5) provide sufficient hot water; (6) clean moldy showers; and (7) fix a malfunctioning heater. *Doc. 2*. The Court needs further information about these allegations to complete § 1915A screening.

Thus, Brooks must file an Amended Compliant clarifying: (1) how long he *personally* endured *each* alleged constitutional violation;[2] (2) how he was *personally* harmed by *each* alleged constitutional violation; (3) whether he was given cleaning supplies; (4) whether Mills was the Sheriff while Brooks was in the PCDC, and if so, how Mills personally participated in the alleged constitutional violation; and (5) how Rorex, Hitts, and Muse *each* personally participated in the alleged constitutional violations.

IT IS THEREFORE ORDERED THAT:

1. Brooks must file, **on or before May 29, 2017,** an Amended Complaint containing the specified information.

2. If Brooks does not timely and properly do so, this case will be dismissed,

---

[2] Brooks does not have standing to bring § 1983 claims for constitutional violations suffered by other PCDC detainees. *See Sabers v. Delano*, 100 F.3d 82, 83 (8th Cir. 1996); *Johnson v. State of Mo.*, 142 F.3d 1087, 1088-91 (8th Cir. 1998).

without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated this 28th day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE